UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NORMA CORDOVA,

                Plaintiff,

v.                                                  **ORDER**
                                                  09-CV-613S

HILDA L. SOLIS, in her official capacity
as Secretary of the UNITED STATES
DEPARTMENT of LABOR, and the
UNITED STATES DEPARTMENT of
LABOR,

                Defendants.

1.      Presently before this Court is Defendants' Motion for Establishment of a Scheduling Order. (Docket No. 19.) Defendants argue that a Scheduling Order is appropriate because Plaintiff's action for judicial review of a final agency decision is limited to review of the administrative record under the Administrative Procedure Act ("APA"). Plaintiff argues that a Scheduling Order for dispositive motions is premature because this case warrants de novo review and discovery is necessary. For the reasons below, this Court finds that neither de novo review nor discovery is appropriate. A Scheduling Order will therefore be issued.

2.      Generally, a court's review of final agency action under the APA is limited to the administrative record. See 5 U.S.C. § 706; <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743–44, 105 S. Ct. 1598, 1607, 84 L. Ed. 2d 643 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."). A court

1

is permitted to apply de novo review only when the agency fact-finding procedures in an adjudicatory proceeding are inadequate, or when issues that were not before the agency are raised to enforce non-adjudicatory agency action. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415, 91 S. Ct. 814, 823, 28 L. Ed. 2d 136 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977).

3. Here, Plaintiff concedes that the second exception permitting de novo review does not apply. But Plaintiff argues that the first exception applies because her claim is that the agency's decision is based on inaccurate information. (Docket No. 13, paras. 55, 62.) This is not, however, a claim challenging the agency fact-finding *procedures*. Rather, Plaintiff disagrees with the result reached by the agency pursuant to its procedures, which is an appeal argument. There is no challenge to the agency fact-finding procedures themselves. Accordingly, the first exception does not apply and this Court finds no basis for de novo review of the agency action.

4. Plaintiff also argues that she is entitled to discovery. There is a strong presumption against discovery when a court reviews an agency decision pursuant to the APA. See Sharkey v. Quarantillo, 541 F.3d 75, 92 n.15 (2d Cir. 2008); see also Overton Park, 401 U.S. at 419–20. There are, however, three exceptions to this presumption. The first is when a court undertakes de novo review of the agency action. See Am. Bankers Ass'n v. Nat'l Credit Union Admin., 513 F. Supp. 2d 190, 200 (M.D. Pa. 2007). The second is when a plaintiff makes "a strong showing of bad faith or improper behavior" by the agency. Overton Park, 401 U.S. at 420. The third is when discovery would provide "the only possibility for effective judicial review and when there have been no contemporaneous

administrative findings." Community for Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990).

5. Here, none of the three exceptions apply. First, this Court has found that de novo review is not warranted in this case. Second, Plaintiff's purported showing of bad faith is based on her position that the agency ignored four year's worth of evidence and ignored its own procedures. Again, these are appeal arguments and not evidence of bad faith. Moreover, in offering no support for her allegation that Defendants acted in bad faith, Plaintiff falls far short of making a "strong showing" that is necessary to gain discovery. Overton Park, 401 U.S. at 420; see also Friends of the Shawangunks, Inc. v. Watt, 97 F.R.D. 663, 667 (N.D.N.Y. 1983) (noting that "bald assertions of bad faith" will not suffice to permit discovery). Regarding the third exception, Plaintiff seeks discovery on the question of why the agency relied on purportedly incomplete information. But this remains an issue going to the merits of Plaintiff's arguments on appeal. Moreover, Plaintiff has not demonstrated that discovery is warranted in support of her desire to explore the outcome of other similar cases, which may not even be relevant here. Because none of the exceptions apply, discovery is not required.

6. Having reviewed Defendants' motion, Plaintiff's opposition, and Defendants' reply thereto, this Court finds that Plaintiff has not demonstrated that de novo review is appropriate, nor that she is entitled to discovery.

IT HEREBY IS ORDERED THAT, Defendants' Motion for Establishment of a Scheduling Order (Docket No. 19) is GRANTED.

FURTHER, that the deadline for filing dispositive motions is September 20, 2010. Response(s) shall be filed on or before October 20, 2010. The parties shall file any replies on or before November 3, 2010. Oral argument will be scheduled by separate order, if necessary.


Dated: August 15, 2010
        Buffalo, New York

        /s/William M. Skretny
        WILLIAM M. SKRETNY
        Chief Judge
        United States District Court